## Ohio Valley Lumber Co. *v.* Blanarik et al., Appellants.

*Appeals—Harmless error—Admission of evidence.*

1. The Supreme Court will not reverse for a harmless error.

2. Nor will it reverse because of the admission of evidence, whether properly or improperly, which in reality corroborates the story of the party who objected to it.

Argued March 20, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 12, March T., 1928, by defendants, from judgment of C. P. Beaver Co., June T., 1926, No. 309, on verdict for plaintiff, in case of Ohio Valley Lumber Co. v. Stefan J. Blanarik et al., trading as S. J. Blanarik & Brother. Affirmed.

Assumpsit for goods sold and delivered. Before READER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,257.08. Defendants appealed.

*Error assigned* was ruling on evidence referred to in opinion of Supreme Court, quoting record, and refusal of new trial, quoting order.

*Thomas Bradshaw,* of *Morrison, May & Bradshaw,* for appellants.

*Harold F. Reed,* of *Reed, Leonard, Coghlan & Smith,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1928:

In defending an action for goods sold and delivered, one of defendants testified that he had paid to plaintiff, on account, the sum of $1,779.85 in cash, which he said he had received when he "sold a house on 12th Street." In rebuttal, plaintiff called the recorder of deeds of the county, who, subject to objection and exception, was permitted to testify that the records of his office showed but one conveyance made by that defendant within six months before or after the date of the alleged payment to plaintiff. The admission of this testimony is the only error assigned. Defendants later acknowledged in the court below, and again here, that the recorded conveyance was the one referred to by the witness. Hence what we are now asked to do is to sustain the impossible contention, legally speaking, that defendants were injured by the admission of evidence which in reality corroborated their story. This we decline to do.

The judgment of the court below is affirmed.